■ BOARD OF EDUCATION, HAUPPAUGE UNION FREE SCHOOL DISTRICT, Respondent, v JOEL LEBOWITZ, as President of Hauppauge Teachers Associa-

tion, Appellant.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County, dated May 15, 1978, which granted the application. Judgment affirmed, without costs or disbursements. No opinion. Latham, J. P., Suozzi and Cohalan, JJ., concur; Gulotta and Shapiro, JJ., dissent and vote to reverse the judgment, deny the application, and direct the parties to proceed to arbitration, with the following memorandum: The collective bargaining agreement between the parties provides that a teacher shall be compensated, at specified rates, for "chaperoning duties", *if* such duties are approved by the district; further, the agreement provides that no staff member shall be required to perform chaperoning duties. The agreement also provides a grievance procedure to settle disputes; it defines a grievance as "any dispute between the parties concerning the meaning or application of the terms and conditions of this Agreement." Utilizing the guidelines for determining the arbitrability of a public employee dispute (see *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509; see, also, *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411), we conclude, first, that the subject matter of the controversy, i.e., chaperoning duties, is clearly within the scope of the Taylor Law and, second, that the dispute is obviously embraced by the broad arbitration clause, inasmuch as it unequivocally concerns "the meaning or application of the terms and conditions of this Agreement". What is at issue is whether the teachers who attended graduation were performing chaperoning duties, approved by the district, as per the agreement. In determining that the affidavits established that the agreement was not violated, Special Term went beyond the threshold questions and impermissibly reached the merits of the controversy (see CPLR 7501).